**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KENNETH THOMAS, | No. 20-16102 |
| Petitioner-Appellant, | D.C. No. 3:15-cv-00071-MMD-WGC |
| v. | |
| DWIGHT NEVEN, Warden; ATTORNEY GENERAL FOR THE STATE OF NEVADA, | MEMORANDUM* |
| Respondents-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, Chief District Judge, Presiding

Argued and Submitted December 10, 2021
San Francisco, California

Before: MURGUIA, Chief Judge, and IKUTA and VANDYKE, Circuit Judges.

Kenneth Thomas appeals the district court's denial of his habeas petition.

We have jurisdiction under 28 U.S.C. §§ 1291 and 2253. We affirm the district

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

court's denial of Thomas's petition and deny his motion to expand the certificate of appealability (COA).[1]

The Nevada Supreme Court's determination that Thomas's counsel did not render ineffective assistance of counsel by failing to file an appeal was not an objectively unreasonable application of *Strickland v. Washington*, 466 U.S. 668 (1984), or *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), given the court's determinations that (1) Thomas never asked his attorney, Robert Langford, to file an appeal, (2) Langford spoke to Thomas after sentencing and explained that there were no meritorious issues to raise on direct appeal, and (3) Thomas agreed with Langford that post-conviction remedies would be the best path forward. Thomas does not clearly challenge the state court's factual determinations as objectively unreasonable under 28 U.S.C. § 2254(d)(2). Even if Thomas raised such a challenge, it fails on the merits. The state trial court's credibility determinations crediting Langford's testimony but not Thomas's were supported by the record and not objectively unreasonable. *See Zapien v. Davis*, 849 F.3d 787, 793 (9th Cir. 2015). Because the state court was not objectively unreasonable in rejecting

---

[1] *See* Ninth Circuit Rule 22-1(e) ("Uncertified issues raised and designated [in a petitioner's opening brief] will be construed as a motion to expand the COA . . . .").

Thomas's ineffective assistance of counsel claim, the district court did not err in denying habeas relief.  28 U.S.C. § 2254(d)(1).

As to Thomas's uncertified issue, reasonable jurists could not disagree with the district court's conclusion that the state court was not objectively unreasonable in determining Thomas's plea was knowingly, voluntarily, and intelligently entered.  The district court reasonably concluded that the state court did not unreasonably apply clearly established Supreme Court precedent given that (1) a psychologist who interviewed Thomas at his attorney's request was confident that Thomas was competent (which would indicate that his plea canvass was adequate), *see Godinez v. Moran*, 509 U.S. 389, 396 (1993); *Boykin v. Alabama*, 395 U.S. 238, 243–44 (1969), (2) there was no evidence Thomas was mentally coerced, *see Brady v. United States*, 397 U.S. 742, 750 (1970), and (3) Thomas's failure to directly respond in the plea colloquy to the question whether he murdered someone with the use of a deadly weapon did not vitiate his plea, *see North Carolina v. Alford*, 400 U.S. 25, 37 (1970).  Because Thomas has not made a "substantial showing" that his constitutional rights were violated, *see* 28 U.S.C. § 2253(c)(2), we decline to expand the COA to accommodate the uncertified issue.

**AFFIRMED.**